Robert T. Bell, Esq.
Lance P. Jasper, Esq.
REEP, BELL & JASPER, P.C.
P.O. Box 16960
Missoula, Montana 59808-6960
Telephone:  (406) 541-4100
Facsimile:  (406) 541-4101
Email:        bell@westernmontanalaw.com
                 jasper@westernmontanalaw.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| JANET K. STEMSON, Individually, and as Personal Representative of the Estate of Robert S. Stemson, Deceased, and on behalf of his children and heirs of Robert S. Stemson, Deceased, | ) Dept. No. <br> ) <br> ) Cause No. <br> ) <br> ) <br> ) |
| Plaintiffs, | ) **COMPLAINT AND DEMAND** <br> ) **FOR JURY TRIAL** |
| vs. | ) <br> ) |
| ULTIMATE LOGISTICS, INC., RYDER TRUCK RENTAL, MOHAMED ABDI ALI, and JOHN DOES 1-10, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

COME NOW Plaintiffs, Janet K. Stemson, individually and as personal

representative of the Estate of Robert S. Stemson, deceased; and on behalf of the

children and heirs of Robert S. Stemson, deceased, by and through their counsel of

COMPLAINT AND DEMAND FOR JURY TRIAL                                    PAGE 1.

record, Robert T. Bell and Lance P. Jasper of Reep, Bell & Jasper, P.C., and allege as follows:

PARTIES

1.     Plaintiff Janet K. Stemson ("Ms. Stemson") is the wife of Robert S. Stemson ("Mr. Stemson"), deceased, and personal representative of his estate. She is a citizen of the State of Washington, residing at 850 Niemi Road, Woodland, Cowlitz County, Washington 98674. She brings this case on behalf of the Estate, herself, the children and heirs of Mr. Stemson.

2.     Mr. Stemson is survived by eight (8) children: Rebeka J. West, 6401 NE Cedar Creek Road, Woodland, Washington 98674; Rachel S. Stemson, 8921 NE 104th Street, Vancouver, Washington 98662; Christa Lemcke, 6241 Providence Lane, Lipan, Texas 76462; Tammy Yearly, 7710 Ellis Drive, Weatherford, Texas 76088; Richard Stemson, 2506 South Oak Street, Kennewick, Washington 99337; David Shane Stemson, 698 Hanson Street S.E., Tumwater, Washington 98501; Chehala Richardson, 845 Washington Street, Woodland, Washington 98674; and Sonia Sixkiller, P.O. Box #961, 135 Davidson Avenue, Apt. 135 C, Woodland, Washington 98674. Pursuant to Montana's one action rule, the claims of the children are being advanced by Ms. Stemson in her capacity as personal representative of Mr. Stemson's estate.

3.     Upon information and belief, Defendant Ultimate Logistics, Inc.

("Ultimate") is an Ohio corporation and citizen with its headquarters at 2700 E. Dublin Granville Rd., Suite 6, Columbus, Ohio 43231. It at all times relevant, it was a commercial motor carrier operating in interstate commerce with U.S. DOT operating authority, USDOT number 2882323.

4.     Upon information and belief, Defendant Ryder Truck Rental, Inc. ("Ryder") is a Florida corporation and citizen with its principal place of business at 11690 NW 105 St., Miami, Florida 33178. At all times relevant, it was a commercial motor carrier operating in interstate commerce with U.S. DOT operating authority, USDOT number 16130.

5.     Upon information and belief, Defendant Mohamed Abdi Ali ("Ali") was, at the time of the Wreck, a citizen of the State of Minnesota, residing at 3092 Blaisdell Ave., Minneapolis, MN 55408.

6.     The true names and capacities of Defendants John Does 1-10 are unknown to Plaintiffs. Plaintiffs therefore bring this action against the aforementioned Defendants by such fictitious names and will seek leave to amend this Complaint and Demand for Jury Trial when their true names are ascertained, together with additional and further appropriate allegations. The John Does Defendants may be individuals or entities who contracted with or otherwise exercised control over Defendant Ali or the tractor-trailer he was operating on December 21, 2021.

## STATEMENT OF JURISDICTION

7.    This case is brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship. Because Plaintiffs are citizens of Washington and Texas and Defendants are each citizens of other states, and the amount in controversy (exclusive of interest and costs) exceeds $75,000, diversity jurisdiction exists in this Court.

## BACKGROUND FACTS

8.    This case arises out of a December 21, 2021, semi-truck wreck in Mineral County, Montana, near the town of Superior (the "Wreck").

9.    Defendant Ali failed to control a semi-tractor-trailer he was driving west on I-90. His tractor and trailer crossed the median, jackknifing in the process, and entering the eastbound lanes of I-90 near mile marker 52.8.

10.    Mr. Stemson was lawfully driving a semi tractor-trailer eastbound in the eastbound lanes of I-90 at the same moment Defendant Ali's jackknifing tractor-trailer came across the median into the eastbound lanes. Defendant Ali's tractor-trailer hit Mr. Stemson's oncoming tractor in the eastbound lanes of I-90. Mr. Stemson's tractor-trailer glanced off of Defendant Ali's, and veered off the right side of the roadway, where it then hit an embankment. The cab of Mr. Stemson's tractor was crushed as it was ground into the embankment by both the forward momentum of the trailer, and the momentum of the tractor itself. Mr.

Stemson was severely injured in the wreckage of his cab. He survived for an appreciable length of time, experiencing extraordinary pain, and suffering as he fought for life. He ultimately died of his injuries while being crushed in the wreckage.

11.     Defendant Ali failed to exercise reasonable care and unlawfully allowed the semi-tractor-trailer he was driving to enter the oncoming lanes of I-90. Montana Highway Patrol investigators determined he was driving in a distracted, inattentive and/or careless manner and that these acts caused the Wreck.

FIRST CAUSE OF ACTION
(Negligence *of Defendant Ali*)

12.     Plaintiffs reallege the other allegations of this Complaint as if fully set forth herein.

13.     Defendant Ali failed to exercise reasonable care in the operation of the semi-tractor-trailer he was driving at the time of the Wreck.

14.     Defendant Ali's failure to exercise reasonable care constitutes negligence and caused the subject Wreck.

15.     Mr. Stemson was not negligent.

16.     As a result of Defendant Ali's negligence, Mr. Stemson was trapped in the cab of his truck, was severely injured, survived for an appreciable length of time, and then died. He and his estate suffered damages including, without limitation: Pain and suffering; lost earnings; funeral expenses; and loss of his

established course of life. Mr. Stemson's wife and heirs have suffered damages including, without limitation: Loss of care, comfort, and society; loss of household services; loss of economic support; and such other damages as may be allowed by law.

SECOND CAUSE OF ACTION
(Vicarious Liability *of Defendants Ryder and Ultimate*)

17.     Plaintiffs reallege the other allegations of this Complaint as if fully set forth herein.

18.     The tractor Defendant Ali was driving was owned by Defendant Ryder.

19.     The photograph attached as Exhibit "1" hereto is a true and accurate photograph of the tractor Defendant Ali was driving at the time of the Wreck.

20.     The tractor Defendant Ali was driving prominently bore the logos of Defendants Ryder and Ultimate on the side of the cab.

21.     The tractor Defendant Ali was driving prominently identified Defendant Ryder's USDOT number beneath the Ryder logo, and Defendant Ultimate's USDOT number beneath the Ultimate logo.

22.     Together, these logos and the use of the USDOT identification as operating authority for the tractor signaled to the motoring public that Defendants Ultimate and Ryder were jointly acting as interstate motor carriers and operators of

the tractor, and that the tractor was being operated pursuant to the operating authority granted to both entities.

23.     At all relevant times, Defendant Ali was in the capacity of agent, servant, statutory employee and/or constructive employee of both Defendants Ryder and Ultimate.

24.     Based upon the foregoing, Defendants Ryder and Ultimate are vicariously liable for the wrongful acts of Defendant Ali and all damages caused thereby.

25.     In addition, at all relevant times, Defendants Ryder and Ultimate were each interstate motor carriers pursuant to whose operating authority the tractor was being operated. As such, irrespective of an employment or agency relationship with Defendant Ali, Defendants Ryder and Ultimate are interstate motor carriers liable for the acts or omissions of Defendant Ali.

THIRD CAUSE OF ACTION
(Negligence *of Defendants Ryder and Ultimate*)

26.     Plaintiffs reallege the other allegations of this Complaint as if fully set forth herein.

27.     As motor carriers operating in interstate commerce, Defendants Ryder and Ultimate had a duty to ensure that Defendant Ali was capable of safely operating the type of commercial motor vehicle which he was assigned to drive.

*See, e.g.,* 49 CFR sec. 391.11(b)(3).

28.     Upon information and belief, Defendant Ali was not adequately vetted or trained by Defendants Ryder and Ultimate prior to placing him behind the wheel of an approximately 39-ton truck and allowing him to drive in the types of winter conditions commonly encountered on I-90 during the winter in Montana.

29.     Defendant Ali was, upon information and belief, an unskilled driver ill-prepared to manage the driving conditions which are common on Montana highways during the winter. His lack of skill and familiarity with driving in winter conditions led directly to his loss of control and caused the Wreck.

30.     Defendants Ryder and Ultimate were negligent in the hiring, retention, training, safety management, and supervision of Defendant Ali. Such negligence caused or contributed to the Wreck.

31.     As a result of Defendants Ryder's and Ultimate's negligence, the Wreck occurred. Mr. Stemson was trapped in the cab of his truck, was severely injured, survived for an appreciable length of time, and then died. He and his estate suffered damages including, without limitation: Pain and suffering; lost earnings; funeral expenses; and loss of his established course of life. His wife and heirs have suffered damages including, without limitation: Loss of care, comfort, and society; loss of household services; loss of economic support; and such other damages as may be allowed by law.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    PAGE 8.

## FOURTH CAUSE OF ACTION
(Exemplary Damages *against Defendants Ryder and Ultimate)*

32.      Plaintiffs reallege the other allegations of this Complaint as if fully set forth herein.

33.      Defendants Ryder and/or Ultimate either knew or intentionally disregarded the fact that Defendant Ali lacked experience and training to drive a semi tractor-trailer in winter conditions common to I-90 in Montana, or deliberately disregarded such facts by failing to inquire into his experience or ensure he had adequate training.

34.      Defendants Ryder and/or Ultimate took no actions to appropriately screen inexperienced drivers from severe weather conditions or to ensure that the routes the drivers were driving were within their capabilities.

35.      A post-wreck inspection also revealed that the electronic control module in the truck had been modified and thus that it was not recording data necessary to track the usage of the truck and/or determine regulatory compliance. Such modifications are often used by operators who seek to avoid regulatory compliance. Upon information and belief, this modification was accomplished by either Defendant Ultimate or Defendant Ryder, or done with their assent, as a means of preventing the recordation of evidence potentially relevant to determining the cause of a crash including, without limitation, vehicle speed,

control inputs, and information concerning about the usage of the vehicle in relevant time frames leading up to the crash.

36.     When questioned by Montana Highway Patrol following the Wreck, and despite a lack of any serious injury, Defendant Ali could not accurately describe his route, origin, or destination. He was not able to describe how or why he lost control of his vehicle. He demonstrated a complete lack of understanding of his role as the driver of a 39-ton vehicle capable of causing severe injury or death to other members of the driving public. Likewise, his passenger (who had been operating the tractor-trailer on the same trip) gave conflicting information about the truck's origin, how long they had been driving, whether and when rest stops may have occurred. Both drivers appeared to be deliberately vague about events which they should have been tracking for purposes of regulatory compliance and safe, non-fatigued driving.

37.     In failing to employ appropriate methods to protect the public from inexperienced and/or untrained drivers like Defendant Ali, and potentially deliberately preventing the recordation of evidence that could reveal regulatory violations, Defendants Ryder and Ultimate demonstrated they either knew of facts or intentionally disregarded facts posing a high probability of injury to the driving public. They further proceeded to act in conscious or intentional disregard of said high probability of injury, or with indifference thereto.

COMPLAINT AND DEMAND FOR JURY TRIAL                          PAGE 10.

38.     Defendants Ryder and/or Ultimate are guilty of actual malice within the meaning of Mont. Code Ann. § 27-1-221. As such, an award of exemplary damages against each or both is appropriate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1.     An award of general damages;

2.     An award of special damages;

3.     An award of survivorship damages (including lost future earnings of the decedent);

4.     An award of damages to the estate;

5.     An award of damages to Mr. Stemson's heirs;

6.     An award of exemplary damages;

7.     An award of costs of suit; and

8.      Such further and other relief as may be allowed by law.

DATED this 20th day of September, 2022.

REEP, BELL & JASPER, P.C.


By:  /s/ Robert T. Bell
     Attorneys for Plaintiffs

JURY TRIAL DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

COMPLAINT AND DEMAND FOR JURY TRIAL                          PAGE 11.

1    DATED this 20th day of September, 2022.

2                                    REEP, BELL & JASPER, P.C.

3
                                     By:  /s/ Robert T. Bell
4                                          Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20